IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
PENNSYLVANIA

| LISA MYERS DEXTER v. AMERICA'S BEST VALUE IN ET AL | CIVIL ACTION NO. 13-CV-4783 |
|---|---|

MEMORANDUM RE: DEFENDANT'S MOTION TO DISMISS

Baylson, J. January 27, 2014

MEMORANDUM

Defendant moves to dismiss under Fed.R.Civ.P. 12(b)(2) and 12(b)(3) for lack of personal jurisdiction and for improper venue, asserting this Court does not have personal jurisdiction over Defendant in this case.

I. FACTUAL BACKGROUND & PROCEDURAL HISTORY

Plaintiff, Lisa Myers, a citizen of Pennsylvania brings personal injury claims against the Bhavi Motel d/b/a America's Best Value Inn, located in Delaware, for injuries that occurred in Delaware. Defendant moved to dismiss for lack of jurisdiction and improper venue, asserting Pennsylvania does not have personal jurisdiction over Defendant in this case.

II. THE PARTIES' ARGUMENTS

Defendant contends this Court does not have jurisdiction over it in this matter because all of the events or omissions related to the cause of action occurred in Delaware and Defendant is a resident of Delaware and does not have any contacts with Pennsylvania. Defendant further asserts venue is improper because Defendant has no contacts with Pennsylvania to support

1

personal jurisdiction. Plaintiff responds that "[t]his Court has personal jurisdiction based upon 28 U.S.C. § 1332" and seeks discovery.

### III.   ANALYSIS

**A. Personal Jurisdiction**

Federal Rule of Civil Procedure 4(e) allows a district court to assert personal jurisdiction over a non-resident to the extent allowed by the law of the state in which it sits. Time Share Vacation Club v. Atlantic Resorts, Ltd., 735 F.2d 61, 63 (3d Cir. 1984). Pennsylvania's long-arm statute provides that a court may exercise personal jurisdiction over non-residents "to the fullest extent allowed under the Constitution of the United States." 42 Pa. Cons. Stat. Ann. § 5322(b).

Due process requires that a defendant have "minimum contacts" with the forum state, and that the exercise of jurisdiction comports with "traditional notions of fair play and substantial justice." Remick v. Manfredy, 238 F.3d 248, 255 (3d Cir. 2001) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). "Minimum contacts must have a basis in 'some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Remick, 238 F.3d at 255 (quoting Asahi Metal Indus. Co., Ltd. v. Superior Court of California, 480 U.S. 102, 109, 107 S. Ct. 1026, 94 L. Ed. 2d 92 (1987)). The Due Process Clause "does not contemplate that a state may make binding a judgment in personam against an individual or corporate defendant with which the state has no contacts, ties, or relations." Int'l Shoe Co., 326 U.S. at 319. To exercise general jurisdiction over an out-of-state defendant, that defendant must have "systematic and continuous" contacts with the forum. Id. at 320.

Plaintiff's complaint alleges her injury occurred in Defendant's hotel in Delaware, and does not allege any acts or omissions related to the injury occurred outside of Delaware. Because the alleged acts or omissions forming the basis of this lawsuit occurred outside of Pennsylvania, and Defendant has not consented to suit here, there is no specific personal jurisdiction.

Defendant is a resident of Delaware, and asserts that it has no contacts with Pennsylvania. The Complaint does not allege any facts suggesting Defendant has any contacts with Pennsylvania, let alone continuous and systemic contact sufficient to support general personal jurisdiction.  Plaintiff incorrectly cites 28 U.S.C § 1332 as the basis for personal jurisdiction, as that statute provides for subject matter jurisdiction.  Plaintiff does not present any facts or argument supporting its contention that Pennsylvania can exercise personal jurisdiction over Defendant.  Accordingly, this Court does not have personal jurisdiction over Defendant and will grant Defendant's motion to dismiss for lack of personal jurisdiction.

**B. Improper Venue**

Venue is proper in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

As noted above, Defendant resides in Delaware, where all of the events forming the basis of this action occurred.  Furthermore, this Court does not have personal jurisdiction over

Defendant in this action.  Accordingly, there is no basis to support venue in the Eastern District of Pennsylvania, and this Court should grant Defendant's motion to dismiss for improper venue.

### IV. CONCLUSION

Defendant's motion to dismiss for lack of jurisdiction and improper venue will be granted, because this Court does not have personal jurisdiction over Defendant.

O:\CIVIL 13\13-4783 dexter v. america's best\13cv4783.grant dismiss.venue Memo.docx